# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

* * *

| | |
|---|---|
| BOARD OF TRUSTEES OF THE SOUTHERN NEVADA JOINT MANAGEMENT AND CULINARY AND BARTENDERS TRAINING FUND,<br><br>Plaintiff(s),<br><br>v.<br><br>CHRISTOPHER FAVA, et al.,<br><br>Defendant(s). | Case No. 2:18-CV-36 JCM (CWH)<br><br>ORDER |

Presently before the court is defendants' Eclipse Theater LLC, Eclipse Theater Las Vegas, Limited Partnership, and 21 Greens Inc.'s (together, the "Eclipse defendants") motion to dismiss. (ECF No. 12). Plaintiff Culinary Academy of Las Vegas ("CALV") filed a response (ECF No. 22), to which defendants replied (ECF No. 25).

**I.  Facts**

This case involves two former CALV employees' alleged breaches of their fiduciary duty in negotiating and executing a contract with the Eclipse defendants.

In January of 2012, CALV hired Christopher Fava as vice president of food and beverage and chief operating officer, and later as its chief executive officer. (ECF No. 1). CALV is a Nevada nonprofit employee benefit trust fund and is a provider of training for entry-level and incumbent workers in the Las Vegas hospitality industry. *Id.* Fava's position involved overseeing and managing CALV's assets and expenditures. *Id.*

In April of 2015, Jaime Monardes joined CALV as vice president of finance and accounting. *Id.* Monardes was responsible for oversight of program operations, including the expenditure and use of CALV's assets. *Id.*

In December of 2015, Fava notified the CALV trustees of a new training and investment opportunity with the Eclipse Theater LLC ("Eclipse Theater") entertainment complex. *Id.* Fava represented that the opportunity would generate $10 million in income over five years and create over 100 employment opportunities for CALV students. *See id.* Based on Fava's representations, the CALV trustees delegated authority to Fava and Monardes to pursue the Eclipse Theater opportunity. *Id.*

On January 19, 2016, Fava entered into a concession agreement with the Eclipse Theater ("Eclipse agreement") on behalf of CALV. *Id.* CALV's capital investment, as represented by Fava, was not to exceed $500,000. *Id.*

On July 12, 2016, Fava, acting on behalf of CALV, amended the Eclipse agreement without notifying the CALV trustees. *Id.* The amended agreement included terms requiring CALV to staff positions outside of the organization's training scope. *Id.* The amended agreement also extended CALV's staffing responsibilities to 21 Greens Inc. ("21 Greens"), an in-house restaurant within the Eclipse Theater. *Id.* CALV promised to purchase supplies and equipment not to exceed $250,000 for 21 Greens that was guaranteed to be repaid within the first year of operation. *Id.* The agreement further stated that CALV would receive the greater of two percent of gross ticket revenues or $100,000 per year. *Id.*

On October 21, 2016, the Eclipse agreement was amended a second time. *Id.* The amended agreement was signed without the CALV's trustees consent by Fava on behalf of CALV and by Nicolas Steele on behalf of the Eclipse Theater and Eclipse Theater Las Vegas, Limited Partnership. *Id.*

In November of 2016, CALV discovered that Fava and Monardes amended the Eclipse agreement without notifying the CALV trustees. *Id.* Fava and Monardes subsequently ended their employment with CALV. *Id.*

On November 30, 2016, the Eclipse Theater and 21 Greens opened. *Id.* After opening, CALV sustained losses related to its staffing of the Eclipse Theater and 21 Greens. *Id.* CALV also did not recover its initial $500,000 investment in the Eclipse Theater or its $250,000 investment in 21 Greens. *Id.*

On December 23, 2016, CALV notified the Eclipse defendants that it was invoking its 90-day right to terminate the agreement. *Id.* On January 9, 2017, the parties unsuccessfully attempted to renegotiate the agreement. *Id.*

In a letter dated January 13, 2017, CALV confirmed to the Eclipse defendants that the agreement would terminate on January 23, 2017, as a result of the defendants' refusal to renegotiate or modify the agreement. *Id.*

On January 20, 2017, the Eclipse defendants wrote to CALV disputing whether CALV had property terminated the agreement. *Id.* The Eclipse agreement terminated on January 23, 2017. *Id.* CALV contends that it sustained substantial losses due to the Eclipse defendants' failure return its capital investment and refusal to pay its earned percentage of gross ticket revenues. *Id.*

On January 9, 2018, CALV filed the underlying complaint asserting fourteen claims for relief against several individual and entity defendants. *Id.* In the instant motion, the Eclipse defendants move to dismiss the three state law claims CALV asserts against them. (ECF No. 12).

## II. Legal Standard

A court must dismiss a plaintiff's complaint for lack of subject-matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Federal Rule of Civil Procedure 12(b)(1) permits a party to assert this defense by motion. *Id.* Although the defendant is the moving party in a motion to dismiss brought under Rule 12(b)(1), the plaintiff is the party invoking the court's jurisdiction. As a result, the plaintiff bears the burden of proving that the case is properly in federal court. *McCauley v. Ford Motor Co.*, 264 F.3d 952, 957 (9th Cir. 2001) (citing *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)).

"A plaintiff suing in federal court must show in his pleading, affirmatively and distinctly, the existence of whatever is essential to federal jurisdiction, and, if he does not do so, the court, on having the defect called to its attention . . . must dismiss the case." *Tosco Corp. v. Communities*

*for a Better Env't*, 236 F.3d 495, 499 (9th Cir. 2001), *abrogated on other grounds by Hertz Corp. v. Friend*, 559 U.S. 77 (2010). When presented as a factual challenge, a Rule 12(b)(1) motion can be supported by affidavits or other evidence outside of the pleadings. *United States v. LSL Biotechs*, 379 F.3d 672, 700 n.13 (9th Cir. 2004) (citing *St. Clair v. City of Chico*, 880 F.2d 199, 201 (9th Cir. 1989)).

### III. Discussion

In its complaint, CALV asserts three related state law claims against the Eclipse defendants: breach of contract, breach of the implied covenant of good faith and fairing dealing, and conversion. (ECF No. 1). CALV additionally alleges several ERISA claims against Fava and Monardes for breaches of their fiduciary duty.[1] *Id.*

CALV filed this action in federal court pursuant to federal question jurisdiction based on the ERISA allegations against Fava and Monardes. *Id.* CALV maintains that this court has subject matter jurisdiction over the state law claims it asserts against the Eclipse defendants under supplemental jurisdiction. (ECF Nos. 1, 22).

The Eclipse defendants seek dismissal of CALV's three state law causes of action. (ECF No. 12). They contend that the court should decline to exercise its supplemental jurisdiction over these claims. *Id.*

Under 28 U.S.C. § 1367(a), supplemental jurisdiction over a party is appropriate if the claims against it are "so related to the claims in the action within such original jurisdiction that they form part of the same case or controversy." The Supreme Court clarified that supplemental jurisdiction is appropriate when the claims are so related that the parties "would ordinarily be expected to try them all in one judicial proceeding." *United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966). Supplemental jurisdiction is appropriate when the claims share a "common nucleus of operative fact." *Id.*; *see Mendoza v. Zirkle Fruit Co.*, 301 F.3d 1163, 1174 (9th Cir. 2002)

---

[1] CALV also alleges claims against HKM Productions ("HKM"), a Nevada corporation that entered into an allegedly impermissible transaction with CALV, for reversal of prohibited transaction, breach of contract, and unjust enrichment. (ECF No. 1). CALV's complaint also includes allegations against its insurance company, Federal Insurance, for breach of contract, and bad faith for failing to pay CALV's claim. *Id.*

**James C. Mahan**
**U.S. District Judge**

- 4 -

(holding that the key inquiry is whether the claims share significant factual elements such that they form part of the same case or controversy).

Further, the Ninth Circuit has held that "supplemental jurisdiction extends over state claims brought against a party even when that party was not subject to the federal claim primarily at issue." *In re Pegasus Gold Corp.*, 394 F.3d 1189, 1195, n.2 (9th Cir. 2005). State claims that arise from the same transaction and rely on identical facts for their resolution satisfy supplemental jurisdiction requirements. *See Sea-Land Serv., Inc. v. Lozen Intern, LLC.*, 285 F.3d 808, 814 (9th Cir. 2002).

Here, CALV contends that the court has supplemental jurisdiction over the state claims because the facts underlying the ERISA claims overlap with the facts that underlie the state claims. (ECF No. 22). CALV argues that both the ERISA claims and the state claims "largely center on the terms of the Eclipse agreement and facts and circumstances surrounding the negotiation, execution, and performance of that agreement." *Id.* at 6. CALV further contends that the same evidence, including "the relationship between the ERISA defendants and the Eclipse defendants and the role that relationship played in perpetuating the Eclipse defendants' tortious conduct and contractual breaches," must be presented to prevail on both sets of claims. *Id.* at 7.

However, CALV's ERISA claims and state claims do not rely on the same transaction or identical facts. The facts supporting CALV's ERISA claims focus on Fava and Monardes's conduct as fiduciaries of CALV.[2] The ERISA claims principally involve Fava and Monardes's failure to communicate with CALV trustees and their pre-contractual dealings with the Eclipse defendants.[3] Moreover, the ERISA claims contain allegations against HKM including that "Fava and Monardes failed to carry out their fiduciary duties in their handling of the Eclipse Theater and

---

[2] To prove its ERISA claims, CALV will have to establish that Fava and Monardes were fiduciaries under the ERISA, and did not act "with the care, skill, prudence, and diligence under the circumstances then prevailing of a prudent man acting in like capacity." *See Vaughn v. Bay Envtl. Mgmt., Inc.*, 567 F.3d 1021, 1025 (9th Cir. 2009).

[3] CALV's complaint alleges that "Fava and Monardes had a duty to thoroughly investigate and evaluate the Eclipse transaction prior to entering into it, severe cost overruns were not communicated to the trustees, and Fava and Monardes failed to carry out their fiduciary duties in their handling of the Eclipse transaction." (ECF No. 1 at 16-19).

HKM transactions." (ECF No. 1 at 17). However, CALV has failed to offer any factual allegations connecting HKM to the Eclipse defendants. *See* (ECF No. 1).

Conversely, CALV's state law claims are controlled by the Eclipse defendants' alleged nonperformance of the Eclipse agreement.[4] These claims involve interpreting the Eclipse agreement and determining whether the Eclipse defendants breached. Crucially, the performance of the Eclipse agreement and the alleged breach occurred after Fava and Monardes ended their employment with CALV in November of 2016, thereby undermining CALV's contention that the same evidence supports both claims. *See* (ECF No. 1).

The ERISA claims and state law claims factually overlap on one point only: Fava and Monardes' negotiation and execution of the Eclipse agreement on CALV's behalf. *See id.* The claims do not overlap beyond this point.[5] *See id.* A single factual similarity does not suggest a "common nucleus of operative facts" as required for supplemental jurisdiction. *See Gibbs*, 383 U.S. at 725; *see also Samuels v. Dana Kepner Co.*, No. 2:10-cv-686-JCM-RJJ, 2010 WL 3210702, at *1 (D. Nev. Aug. 12, 2010) (holding that a single factual similarity is insufficient to support exercising supplemental jurisdiction). Therefore, the court declines to exercise its supplemental jurisdiction over CALV's state law claims against the Eclipse defendants. *See Mendoza*, 301 F.3d at 1174.

. . .

. . .

. . .

. . .

---

[4] In Nevada, breach of contract requires (1) the existence of a valid contract; (2) a breach by the defendant; and (3) damage as a result of the breach. *Saini v. Int'l Game Tech.*, 434 F. Supp. 2d 913, 919-20 (D. Nev. 2006) (citing *Richardson v. Jones*, 1 Nev. 405, 405 (1865)). Similarly, breach of the implied covenant of good faith and fair dealing requires that "defendant breach the duty by performing in a manner that was unfaithful to purpose of the contract." *See Perry v. Jordan*, 900 P.2d 335, 338 (Nev. 1995). Further, CALV's conversion claim arises from the Eclipse defendants' alleged failure to return property implicated in the Eclipse agreement. *See* (ECF No. 1 at 23).

[5] Notably, CALV has not brought any claim of fraud in the inducement against the Eclipse defendants. *See* (ECF No. 1). CALV does not allege any wrongdoing by the Eclipse defendants in negotiating the Eclipse agreement. *See id.*

**IV.   Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendants' motion to dismiss (ECF No. 12) be, and the same hereby is, GRANTED.

DATED June 28, 2018.

_____
UNITED STATES DISTRICT JUDGE