ROBERT S. LARSEN, ESQ.
Nevada Bar No. 7785
DAVID T. GLUTH, II, ESQ.
Nevada Bar No. 10596
GORDON REES SCULLY MANSUKHANI, LLP
300 South 4th Street, Suite 1550
Las Vegas, Nevada 89101
Telephone: (702) 577-9301
Facsimile: (702) 255-2858
E-Mail: rlarsen@grsm.com
        dgluth@grsm.com

*Attorneys for Defendant Christopher Fava*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| BOARD OF TRUSTEES OF THE SOUTHERN NEVADA JOINT MANAGEMENT AND CULINARY AND BARTENDERS TRAINING FUND DBA CULINARY ACADEMY OF LAS VEGAS, <br><br> Plaintiffs, <br><br> v. <br><br> CHRISTOPHER FAVA, AN INDIVIDUAL; JAIME MONARDES, AN INDIVIDUAL; ECLIPSE THEATER LLC, A NEVADA LIMITED LIABILITY COMPANY; ECLIPSE THEATRE LAS VEGAS, LIMITED PARTNERSHIP, A DELAWARE LIMITED PARTNERSHIP; 21 GREENS INC, A NEVADA CORPORATION; FEDERAL INSURANCE COMPANY, AN INDIANA CORPORATION; HKM PRODUCTIONS INC., A NEVADA CORPORATION, <br><br> Defendants. | Case No.: 2:18-cv-00036-JCM-CWH <br><br> **JOINT STIPULATION AND [PROPOSED] ORDER TO STAY DISCOVERY PENDING COMPLETION OF MEDIATION** |

Pursuant to Local Rule 26–4, Plaintiff BOARD OF TRUSTEES OF THE SOUTHERN NEVADA JOINT MANAGEMENT AND CULINARY AND BARTENDERS TRAINING FUND DBA CULINARY ACADEMY OF LAS VEGAS ("CALV") and Defendants CHRISTOPHER FAVA ("Fava"), JAIME MONARDES ("Monardes") and HKM PRODUCTIONS INC. ("HKM") hereafter collectively referred to as the Parties, by and through

**Gordon Rees Scully Mansukhani, LLP**
300 S. 4th Street, Suite 1550
Las Vegas, NV 89101

their counsel of record, hereby stipulate and request that the court stay discovery with the exceptions identified below until after the parties complete a mediation. The Parties have previously requested two extensions to the scheduling order. In support of this Stipulation, the Parties state as follows:

1.    The Parties have engaged in substantial discovery including but not limited to the following:

      A.    The Parties timely exchanged their initial disclosures.

      B.    CALV has served three additional supplements to its initial disclosures

      C.    Fava has served one supplement to his initial disclosures.

      D.    HKM has served three supplements to its initial disclosures.

      E.    CALV has served interrogatories, requests for admissions and requests for production on previously dismissed party Federal Insurance Company.

      F.    CALV has served three sets of requests for production, one set of interrogatories, and two set of requests for admissions on Fava. Fava has responded to CALV's written discovery requests.

      G.    CALV has served two sets of requests for production, two sets of interrogatories, and one set of requests for admissions on Monardes.

      H.    CALV has served two set of requests for production, two sets of interrogatories, and two sets of requests for admissions on HKM. HKM has responded to CALV's first two sets of written discovery requests.

      I.    Fava has served six sets of requests for production on CALV. CALV has responded to four sets of requests for production as the deadlines for the remaining two sets are pending.

      J.    Fava has served subpoenas duces tecum on Bank of America, and Bank of Nevada.

      K.    CALV has served a subpoena duces tecum for documents from Chubb Insurance. CALV and Federal Insurance are currently engaged in motion practice over the document requests.

L.      CALV has taken the deposition of HKM's 30(b)(6) representative.

M.      CALV and Fava have designated initial experts.

N.      Fava has served a subpoena duces tecum on CALV's expert, the deadline for which is pending.

O.      HKM has served CALV with its first set of requests for production of documents, first set of interrogatories and first set of requests for admissions.  CALV's deadline to respond to HKM's first set of written discovery has not expired as of the date of this Stipulation.

P.      HKM has served CALV with a notice of deposition of CALV's FRCP 30(b)(6) corporate designee which is scheduled to take place on March 15, 2019.

2.      The Parties have all agreed to participate in a mediation with Retired Judge Phillip Pro at JAMS.  The Parties are currently coordinating a date with JAMS to hold the mediation.  The parties are attempting to schedule the mediation within 90 days from the date of this stipulation.

3.      The parties agree it is in the best interest of all parties to wait until the mediation process has been completed prior to incurring the time and expense of the remaining written discovery, rebuttal expert designations, depositions, motion practice, as the mediation could resolve this matter in its entirety, thereby relieving both the parties and the court of further cost and expense.

4.      It would be burdensome and unfair to have the parties incur the expense of time-consuming and costly discovery because the parties have agreed to stay such proceedings in favor of attempting to achieve an early resolution to this matter.  Rule 1 of the Federal Rules of Civil Procedure provides that the federal rules of practice should be "construed and administered to secure the just, speedy, and *inexpensive* determination of every action and proceeding." (Emphasis added).  Thus, staying discovery in this case is consistent with the spirit and intent of the Federal Rules of Civil Procedure.  If a stay is not granted, the parties will be required to engage in and incur the costs of the remaining discovery which may not be necessary.

/ / /

**Gordon Rees Scully Mansukhani, LLP**
300 S. 4th Street, Suite 1550
Las Vegas, NV 89101

5.      In order to preserve the parties' and the Court's resources, and to promote judicial economy, the parties have agreed, subject to the Court's approval, to stay all discovery for approximately 90 days, or until May 28, 2019, in order for the parties to complete the agreed upon mediation.

6.      Notwithstanding the foregoing, the Parties request that the responses to the subpoena dues tecum from non-parties Bank of America and Bank of Nevada not be stayed.

7.      In the event that the Parties are unable to reach a resolution at the mediation, the Parties agree that rebuttal experts will be disclosed no later than ten days from  the conclusion of the mediation.

8.      In the event that the Parties are unable to reach a resolution at the mediation, the Parties further agree that they will meet and confer and submit an amended discovery plan and scheduling order to the Court.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

1    9.    This stipulation is made in good faith and not for the purposes of delay.

2

3    **GORDON REES SCULLY MASUKHANI**          **BROWNSTEIN HYATT FARBER**
     **LLP**                                    **SCHECK, LLP**

4

5    By: */s/ Robert S. Larsen*                  By: */s/ Bryce C. Loveland*
     ROBERT S. LARSEN, ESQ                       ADAM P. SEGAL, ESQ.

6    DAVID T. GLUTH, II, ESQ.                     BRYCE C. LOVELAND, ESQ.
     300 So. 4ᵗʰ Street, Suite 1550              100 N. City Parkway, Suite 1600

7    Las Vegas, NV 89101                         Las Vegas, NV 89106
     *Attorneys for Defendant Christopher Fava*  *Attorneys for Plaintiff*

8

9    **LBC LAW GROUP**                           **THE THATER LAW GROUP, PC**

10

11   By: */s/ Jose Valenzuela*                    By: */s/ M. Lani Estaban-Trinidad*
     JOHN C. COURTNEY, ESQ.                       M. LANI ESTEBAN-TRINIDAD, ESQ.

12   JOSE E. VALENZUELA, III, ESQ.               6390 W. Cheyenne Ave., Suite A
     3215 W. Charleston Blvd., Suite 120         Las Vegas, NV 89108

13   Las Vegas, NV 89102                         *Attorney for Jamie Monardes*
     *Attorneys for HKM Productions, Inc.*

14

15                              **ORDER**

16

17   IT IS SO ORDERED.

18   _____

19   UNITED STATES MAGISTRATE JUDGE

20   DATED: _____February 27, 2019_____

21

22

23

24

25

26

27

28