UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| BOARD OF TRUSTEES OF THE SOUTHERN NEVADA JOINT MANAGEMENT AND CULINARY AND BARTENDERS TRAINING FUND,<br><br>Plaintiff(s),<br><br>v.<br><br>CHRISTOPHER FAVA, et al.,<br><br>Defendant(s). | Case No. 2:18-CV-36 JCM (CWH)<br><br>ORDER |

Presently before the court is plaintiff Board of Trustees of the Southern Nevada Joint Management and Culinary and Bartenders Training Fund d/b/a Culinary Academy of Las Vegas' ("CALV") motion for reconsideration. (ECF Nos. 72, 74-1). Defendant/counter claimant Jaime Monardes filed a response (ECF No. 77), to which CALV replied (ECF No. 81).

Also before the court is CALV's motion for leave to amend. (ECF Nos. 73, 75). Monardes filed a response (ECF No. 78), to which CALV replied (ECF No. 82).

**I.  Facts**

This case involves two former CALV employees who allegedly breached their fiduciary duties when they negotiated and executed a contract with Eclipse Theater, LLC ("Eclispe Theater").

CALV is a Nevada nonprofit employee benefit trust fund and is a provider of training for entry-level and incumbent workers in the Las Vegas hospitality industry. (ECF No. 1). In January 2012, CALV hired Christopher Fava as vice president of food & beverage and chief operating officer, and later as its chief executive officer. *Id.* Fava's position involved managing CALV's

**James C. Mahan**
**U.S. District Judge**

assets and expenditures. *Id.* In April 2015, CALV hired Monardes as vice president of finance and accounting. *Id.* Monardes' work responsibilities required him to oversee program operations, which also included managing CALV's assets and expenditures. *Id.*

In December of 2015, Fava notified the CALV trustees of a new training and investment opportunity with the Eclipse Theater entertainment complex. *Id.* Fava represented that the opportunity would generate $10 million in income over five years and create over 100 employment opportunities for CALV students. *See id.* Based on Fava's representations, the CALV trustees delegated authority to Fava and Monardes to pursue the Eclipse Theater opportunity. *Id.*

On January 19, 2016, Fava and Monardes entered into a concession agreement with Eclipse Theater ("Eclipse agreement") on behalf of CALV. *Id.* CALV's capital investment, as represented by Fava, was not to exceed $500,000. *Id.*

On July 12, 2016, Fava and Monardes, acting on behalf of CALV, amended the Eclipse agreement without notifying the CALV trustees. *Id.* The amended agreement required CALV to staff positions outside of the organization's training scope and extended CALV's staffing responsibilities to Eclipse Theater's in-house restaurant, 21 Greens Inc. ("21 Greens"). *Id.* CALV also promised to purchase up to $250,000 in supplies and equipment for 21 Greens in exchange for a guarantee that Eclipse Theater would repay CALV within the first year of operation. *Id.* The agreement further stated that CALV would receive either two percent of gross ticket revenues or $100,000 per year, whichever is greater. *Id.*

Over the next few months, Fava and Monardes allegedly engaged in further misdeeds such as spending over $20,000 for food, alcohol, entertainment, and travel. *Id.* In October 2016, Fava and Monardes amended the Eclipse agreement a second time without obtaining the CALV trustees' consent. *Id.* Eventually, CALV discovered Monardes' misconduct and placed him under suspension. (ECF Nos. 1, 49).

On or about November 18, 2016, Monardes filed a formal complaint with the Equal Employment Opportunity Commission ("EEOC"), alleging employment discrimination and various related causes of action. (ECF No. 49). Thereafter, CALV terminated Monardes. (ECF Nos. 1, 49).

From December 2016 through January 2017, CALV and Monardes entered settlement discussions concerning his termination and EEOC complaint. (ECF No. 51-1). On January 23, 2017, Monardes executed a separation agreement ("separation agreement") wherein he released, settled, acquitted, and waived all claims against CALV in exchange for $11,000.00. *Id*.

On January 9, 2018, CALV filed the underlying complaint asserting fourteen causes of action against several individual and entity defendants, including Monardes. (ECF No. 1). On May 3, 2018, Monardes filed an answer and counterclaim, raising three counterclaims against CALV: (1) fraud in the inducement, (2) breach of the implied covenant of good faith and fair dealing, and (3) declaratory relief. (ECF No. 49).

On May 24, 2018, CALV filed a motion to dismiss Monardes' counterclaims. (ECF No. 51). On December 12, 2018, the court denied CALV's motion, holding that the court cannot determine as a matter of law whether the separation agreement precluded Monardes' counterclaims because Monardes plausibly pleaded a claim for fraud in the inducement. (ECF No. 71). Now, CALV moves for reconsideration, raising a new argument that it failed to raise in its initial motion to dismiss. (ECF No. 74-1). CALV also moves in the alternative for leave to amend the complaint. (ECF No. 75).

**II. Legal Standard**

A motion for reconsideration "should not be granted, absent highly unusual circumstances." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

Rule 54(b) permits a district court to revise an order that does not terminate the action at any time before the entry of judgment. Fed. R. Civ. P. 54(b); *see also Los Angeles v. Santa Monica Baykeeper*, 254 F.3d 882, 887 (9th Cir. 2001). However, reconsideration is "an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (internal quotations omitted). A motion

for reconsideration is also an improper vehicle "to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in litigation." *Marlyn Nutraceuticals*, 571 F.3d at 880.

**III. Discussion**

CALV argues that Monardes' fraud counterclaim does not preclude enforcement of the separation agreement because the contract provided that Monardes exclusively relied on the contents within the agreement when he entered into the contract. (ECF No. 74-1). Specifically, CALV refers to Section 12 of the separation agreement, which includes provisions that substantially support CALV's contention. *Id.*

CALV failed to raise this argument in its motion to dismiss despite having the contract readily available.[1] *See* (ECF Nos. 51, 57). Thus, CALV is attempting "to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in litigation." *Marlyn Nutraceuticals*, 571 F.3d at 880. This alone is sufficient for the court to deny CALV's motion. Nonetheless, the court will consider CALV's argument in order to streamline this action and prevent needless costs associated with potentially futile claims.

Monardes alleges that on October 27, 2016, CALV represented, through its agent Michelle DiTondo, that it found "no fiscal irregularities" with respect to Monardes but would nevertheless like to end his employment. (ECF No. 49). Monardes further alleges that he signed the separation agreement, which contains non-mutual release and waiver provisions, based on what he believed to be CALV's findings on fiscal irregularities. (ECF No. 53). However, CALV's alleged representations to Monardes contradicted its self-proclaimed findings in the complaint. *See* (ECF No. 1).

Monardes has pleaded the elements of a fraudulent inducement claim, which generally renders contracts voidable. *See J.A. Jones Constr. Co. v. Lehrer McGovern Bovis, Inc.*, 89 P.3d 1009, 1018 (Nev. 2004) (providing elements for fraud); *see also Havas v. Alger*, 461 P.2d 857, 859 (Nev. 1969) (holding that fraud renders contracts voidable). However, a claim for fraud in

---

[1] CALV has provided the court with a half-hearted admission of its mistake by stating that the court did not address the relevant provision of the contract "due to counsel's oversight in not specifically directing the Court to the relevant language." (ECF Nos. 72, 74-1).

the inducement fails as a matter of law when it conflicts with the express terms of the contract. *Rd. & Highway Builders v. N. Nev. Rebar*, 284 P.3d 377, 381 (Nev. 2012).

Section 12 of the separation agreement includes an integration clause and the following non-reliance clause:

> Employee further agrees that *the only representations made to him in order to obtain his consent to this Agreement are stated herein* and that he is signing this Agreement voluntarily and without coercion, intimidation or threat of retaliation and after consultation with legal counsel.

(ECF No. 51-1) (emphasis added). This clear and unambiguous provision provides that Monardes signed the separation agreement without relying on any representation that was not in the contract. Moreover, the separation agreement does not include any statement regarding CALV's findings on financial irregularities. *See generally id*. Therefore, Monardes' allegations conflict with the express terms of the separation agreement and Monardes' fraud in the inducement claim fails as a matter of law.

The court also notes that the separation agreement includes release and waiver provisions providing that Monardes "forever settles, releases, waives and acquits CALV" of "all common law claims" and "all claims for . . . money damages . . ." *Id*. Consistent with these provisions, the court will dismiss with prejudice Monardes' remaining common law claims. The court will also deny as moot CALV's motion for leave to amend because CALV filed the motion in the alternative.

### IV. Conclusion

The court will dismiss with prejudice Monardes' counterclaims for fraud in the inducement, breach of the implied covenant of good faith and fair dealing, and declaratory judgement.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that CALV's motion for reconsideration (ECF No. 72) be, and the same hereby is, GRANTED, consistent with the foregoing.

**James C. Mahan**
**U.S. District Judge**

1     IT IS FURTHER ORDERED that CALV's motion for leave to amend (ECF No. 73) be, and the same hereby is, DENIED as moot.

IT IS FURTHER ORDERED that the court's December 12, 2018, order (ECF No. 71) be, and the same hereby is, VACATED.

DATED May 2, 2019.

_____
UNITED STATES DISTRICT JUDGE

James C. Mahan
U.S. District Judge